

**null / ALL**
**Transmittal Number: 18819674**
**Date Processed: 10/12/2018**

# Notice of Service of Process

**Primary Contact:** Katie Gallagher
Lane Powell/Kindercare
601 SW 2nd Ave
Ste 2100
Portland, OR 97204-3158

**Electronic copy provided to:** John Devlin
Troy Hall
Ms. Etsuko Murozono
Kelly Johnson
Darcy Deibele

| | |
|---|---|
| **Entity:** | KinderCare Learning Centers LLC<br>Entity ID Number 3614339 |
| **Entity Served:** | KinderCare Learning Centers LLC |
| **Title of Action:** | Kristen Schmit vs. Kindercare Education at Work LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Hennepin County District Court, Minnesota |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 10/11/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Cody J. Blades<br>612-349-2720 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**STATE OF MINNESOTA** | **DISTRICT COURT**

**COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT**

**Kristen Schmit,**

Plaintiff,

v.

**KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers LLC,**

Defendants.

Case No. ____________________

**SUMMONS**

THIS SUMMONS IS DIRECTED TO KINDERCARE EDUCATION AT WORK LLC, KINDERCARE EDUCATION LLC, AND KINDERCARE LEARNING CENTERS LLC REGISTERED AT 2345 RICE STREET, SUITE 230, ROSEVILLE, MN 55113.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response**, called an Answer, within 20 days of the date on which you receive this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Cody J. Blades
**MADIA LAW LLC**
323 Washington Avenue North, #200
Minneapolis, MN 55401

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not provide a written Answer in response to this Complaint to the person who signed this Summons within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose this case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: October 10, 2018

**MADIA LAW LLC**

Cody J. Blades, MN #396341
J. Ashwin Madia, MN #321187
Joshua A. Newville, MN #395221
333 Washington Ave. N. #345
Minneapolis, Minnesota 55401
Tel: 612.349.2720
Fax 612.235.3357
cjblades@madialaw.com

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF HENNEPIN** **FOURTH JUDICIAL DISTRICT**

**Kristen Schmit,**

Plaintiff,

v.

**KinderCare Education at Work LLC, KinderCare Education LLC,** and **KinderCare Learning Centers, LLC,**

Defendants.

Case No. ____________________

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

## INTRODUCTION

1. When Plaintiff Kristen Schmit reported a violation of Minnesota State Law to the Minnesota Department of Human Services, Defendants terminated her employment. As a result of Defendants' actions, Plaintiff suffered damages. She now seeks redress in this Court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter as Plaintiff's claims arise out of Minnesota Law, specifically Minn. Stat. § 181 *et seq*. and Minn. Stat. § 626 *et seq*. Further, the unlawful practices giving rise to this Complaint occurred in Minnesota.

3. Venue in this Court is proper because the claims arose in Hennepin County, Minnesota – Plaintiff worked for Defendants in Hennepin County and Defendants are doing business in Hennepin County.

## PARTIES

4. Plaintiff Kristen Schmit is a resident and domiciliary of Eagan, MN. From August 2016 through her termination in November 2017, Schmit was an employee of Defendants.

5. Defendants KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers LLC are companies doing business as KinderCare Learning Centers. All of the Defendants have their principal place of business in Portland, Oregon and are doing business in Minnesota. Defendants were Plaintiff's employer between August 2016 and her termination in November 2017.

## FACTUAL BACKGROUND

6. Plaintiff Kristen Schmit was an employee of Defendants KinderCare Education at Work LLC, KinderCare Education LLC, KinderCare Learning Centers LLC, and KinderCare Learning Centers, Inc. (collectively herein "KinderCare") between August 2016 through her termination in November 2017.

7. At the KinderCare center where Schmit worked, there were two playgrounds fully enclosed by a chain-link fence. KinderCare used Playground 1 for preschool and school-aged children and Playground 2 for toddlers.

8. On September 25, 2017, Schmit accompanied a school-aged child under her care to the bathroom.

9. In order to get to the bathroom from Playground 1, Schmit needed to pass Playground 2.

10. While passing Playground 2, Schmit noticed a 2-year old child sitting alone in Playground 2.

11. With the school-aged child, Schmit called to the 2-year old and asked her to come inside. Schmit accompanied the 2-year old to the toddler room.

12. The staff person in the toddler room that was responsible for the 2-year old saw the 2-year old and said "oh shit."

13. That day, Schmit texted the 2-year old's teacher in case the teacher talked to the 2-year old's parent.

14. KinderCare was required by law to report this incident to the State of Minnesota.

15. Schmit asked KinderCare's director if she had reported the incident. The director responded that she did not know what Schmit was talking about.

16. The director went further and accused Schmit of being the problem – explaining that Schmit was supposed to be supervising the 2-year old. This was not correct.

17. On Thursday, September 28, 2017, Schmit texted the director and insisted that the incident be reported.

18. The following Monday, October 2, 2017, the director wrote-up Schmit for various infractions.

19. At the end of the week of October 2, 2017, KinderCare still had not reported the incident to the State.

20. Schmit reported the incident to the State as she was required to do by law.

21. KinderCare knew Schmit reported the incident.

22. On Thursday, October 26, 2017, the Minnesota Department of Human Services conducted a site visit in response to Schmit's report.

23. The following Friday, November 3, 2017, K.I., KinderCare's district manager, wrote-up Schmit during a meeting.

24. K.I. claims that during nap time another worker observed Schmit with her legs over a child's back and that when he tried to lift his arm, Schmit forcefully grabbed the child's arm and held his arm down on the cot.

25. Schmit explained that she never grabbed his arm and that her legs were over the child's legs, akin to a weighted blanket. Schmit explained that the parents of the child told the teachers that their child required weight in order to sleep. Schmit requested that KinderCare purchase a weighted blanket to help the child, but KinderCare did not purchase the blanket. In an effort to try to honor the parents' wishes, Schmit and other staff in charge of the child laid their legs over the child's legs in place of a weighted blanket.

26. During this same meeting, K.I. terminated Schmit.

27. These write-ups and the termination came after Schmit received a good performance review and a raise in August 2017 – just one-month before the incident with the 2-year old.

28. As a result of KinderCare's unlawful termination, Schmit was damaged.

**COUNT I:**

**RETALIATION**

**MINN. STAT. § 181 *et seq.* – MINNESOTA WHISTLEBLOWER ACT**

29. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

30. "An employer shall not discharge ... an employee ... because ... the employee ... reports a violation, suspected violation, or planned violation of any federal or state law." Minn. Stat. § 181.932, subd. 1(1).

31. Defendants employed one or more employees in Minnesota.

32. Plaintiff was Defendants' employee and performed services for Defendants in her capacity as an employee.

33. Plaintiff reported a suspected violation of Minnesota State Law to Defendants and to the Minnesota Department of Human Services.

34. Because Plaintiff reported a violation of Minnesota State Law, Defendants terminated Plaintiff.

35. As a result, Plaintiff has suffered damages.

**COUNT II:**

**RETALIATION**

**MINN. STAT. § 626.556, SUBD. 4a**

36. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

37. Defendants violated Minn. Stat. § 626.556, subd. 3(a), which required Defendants to immediately report suspected neglect of a child.

38. Plaintiff reported the violation of Minn. Stat. § 626.556, subd. 3(a), as she was required to do by law.

39. Defendants terminated Plaintiff within 90 days of her report.

40. Defendants' termination of Plaintiff was retaliatory. Minn. Stat. § 626.556, subd. 4a (creating a rebuttal presumption of retaliatory termination when an employer terminates an employee within 90 days of that employee's report of violations of Minn. Stat. § 626 *et seq.*).

41. Defendants must pay Plaintiff at least $10,000 for their retaliatory conduct. Minn. Stat. § 626.556, subd. 4a(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant, as follows:

1. An order granting Plaintiff judgment against Defendant;
2. An order granting Plaintiff compensatory damages in such amount as the jury may determine;
3. An order granting Plaintiff at least $10,000 in damages as a penalty for their retaliatory conduct;
4. An order granting Plaintiff injunctive and declaratory relief against Defendant, whereby the Defendant is temporarily and permanently enjoined and restrained

from any further interference, discrimination, and retaliation of the Plaintiff or others;

5. An order enjoining Defendants from further violating state or federal law;
6. An order for Defendants to expunge any adverse employment records of Plaintiff;
7. An order for Defendant to pay Plaintiff's costs, interest, and attorney fees;
8. An order for Defendant to pay any and all further relief available in equity and at law.

***Plaintiff demands a jury trial.***

Dated: October 10, 2018

**MADIA LAW LLC**

Cody J. Blades, MN# 0396341
J. Ashwin Madia, MN #321187
Joshua A. Newville, MN #395221
333 Washington Ave. N. #345
Minneapolis, Minnesota 55401
Tel: 612.349.2720
Fax 612.235.3357
cjblades@madialaw.com

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, sanctions may be awarded to the parties against whom the allegations in the pleadings are asserted.

Cody J. Blades